

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00334-CR

**JARVIS MCDAVID,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D35700-CR

## MEMORANDUM OPINION

Jarvis Dunk McDavid appeals from the trial court's order denying his motion for DNA testing under Chapter 64 of the Code of Criminal Procedure regarding post-conviction DNA testing. We affirm.

In two issues on appeal, McDavid argues that the trial court erred in denying his motion for DNA testing. McDavid was convicted of aggravated assault with a deadly weapon, and he sought DNA testing on the knife used during the assault.

After a person has been convicted, he can file a motion for forensic DNA testing of certain evidence containing biological material. TEX. CODE CRIM. PROC. ANN. Art. 64.01 (West Supp. 2016). In reviewing the trial judge's Chapter 64 rulings, we give "almost total deference" to the trial judge's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011); *Glover v. State*, 445 S.W.3d 858, 861 (Tex.App. – Houston[1st Dist.] 2014, pet. ref'd).

Article 64.03 of the Texas Code of Criminal Procedure provides that:

> (a) A convicting court may order forensic DNA testing under this chapter only if:
>
> (1) the court finds that:
>
> (A) the evidence:
>
> (i) still exists and is in a condition making DNA testing possible; and
>
> (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
>
> (B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and
>
> (C) identity was or is an issue in the case; and
>
> (2) the convicted person establishes by a preponderance of the evidence that:
>
> (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. ANN. Art. 64.03 (a) (West Supp. 2016).

The record before us does not show that the knife or any other evidence still exists and is in a condition making DNA testing possible. It appears that McDavid wants fingerprint analysis on the knife. However, the record does not support a finding that the knife has not been tampered with or altered so that DNA testing would be suitable. We find that the trial court did not err in denying the motion for DNA testing. We overrule the two issues on appeal.

We affirm the trial court's judgment.


AL SCOGGINS

Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 31, 2017
Do not publish
[CR25]

